In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00089-CR


______________________________




DANIEL DAKOTA MASSIE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 33,546-A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 A young man's seemingly innocent flirtation at a pizza parlor ultimately resulted in his death. 
Daniel Dakota Massie was convicted of capital murder and sentenced to life imprisonment. His
appeal urges that the trial court erred in failing to submit lesser included offenses for the jury's
consideration and in replacing a sleeping juror with an alternate. We affirm the conviction. 

 Joshua Petrea attempted to attract the interest of Jessica Rodriguez, a friend of Massie's
girlfriend, Maria Sanchez, by leaving his telephone number and first name on a napkin under
Jessica's glass at a pizza parlor where they were eating (and at which Daniel worked). Apparently
at Massie's request, Maria called Petrea to meet her. In the meantime, Massie had called his friends
to assist in his plan to "jump" Petrea. When Petrea arrived, believing he would meet the girl, he
instead met Massie and two of Massie's friends, who beat him, stole his belongings, threw him into
the trunk of a car, and drove into the woods. Once there, they stabbed Petrea to death. (1) 

Lesser Included Offense Instruction

 Massie contends the trial court erred by not charging the jury on the lesser included offenses
of aggravated robbery or aggravated kidnapping. The State takes the position that, even though it
had to prove the predicate offense in order to reach the level of capital murder, there was no evidence
to show that, if guilty, he was guilty only of a lesser offense. 

 A defendant is entitled to a charge on a lesser offense if (1) the lesser offense is included
within the proof necessary to establish the offense charged, and (2) there is some evidence that would
permit the jury rationally to find that, if the defendant is guilty, he or she is guilty only of the lesser
offense. Guzman v. State, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006); Wesbrook v. State, 29
S.W.3d 103, 113 (Tex. Crim. App. 2000). Further, the evidence must establish the lesser included
offense as a valid rational alternative to the charged offense. Wesbrook, 29 S.W.3d at 113; Arevalo
v. State, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997). This means the evidence must allow a jury
to rationally conclude the appellant was guilty only of the lesser offense. Wesbrook, 29 S.W.3d at
114.

 The evidence shows that a trap was set for Petrea at Massie's instigation and that Massie
talked his friends into attacking Petrea. In the written statement given to police, Massie stated,
"Before I left CiCi's pizza I called Kiki, Ricardo Cortez, and told him what happened and told him
we should jump this dude. That was all I wanted to do." (2) After Petrea was directed at gunpoint into
the trunk of Kiki's car, Massie told Kiki (who was driving) to go into the country near Massie's
uncle's house; once there, they took Petrea for a walk. According to Massie's statement, Kiki
actually stabbed Petrea, and then gave Massie the knife. Massie also stated he had told his girlfriend
and B. J. (another friend) that he had stabbed Petrea. (3) Massie had blood on his clothing and later
burned the clothes he had been wearing. 

 Massie also stated they later drove Petrea's pickup truck back to the location where the body
was in order to obtain Massie's hat, which had evidently been left behind. Massie took Petrea's cell
phone and sent a number of text messages back and forth with his cell phone to make it appear they
were communicating. 

 It is apparent that aggravated kidnapping and aggravated robbery are, in this case, included
within the statutory definition of capital murder--the State was required to prove one of those
included offenses in order to obtain a conviction for capital murder.

 The remaining question, then, is whether the second prong of the standard was met: was
there evidence from which the jury rationally could find that, if Massie was guilty, he was guilty only
of the lesser offense. Guzman, 188 S.W.3d at 188. The State argues there is no such evidence. 
Massie stated that all he wanted to do to the victim was "jump this dude." That language can be
interpreted as some evidence that Massie's intent was something less than the murder of Petrea. The
question is whether such testimony is some evidence Massie was guilty only of the offenses of either
robbery or kidnapping, the requested lesser included offenses. The lesser offense of aggravated
assault was not requested by Massie. 

 We do not believe this testimony raises the lesser offense of robbery. Robbery as defined by
the statute and for the jury includes an element of theft--the unlawful appropriation of property of
another with intent to deprive the other of such property. (4) In this context, when Massie was
apparently jealous that Petrea had attempted to contact his female friends, the suggestion to "jump"
Petrea connotes that Massie wanted his friends to help him assault Petrea--not rob him. (5) Likewise,
the expression used by Massie does not indicate he desired to kidnap Petrea. At most, we believe
that the evidence of Massie's intent to "jump" Petrea might raise the issue of assault, but not robbery
or kidnapping. 

 This testimony does not provide evidence that, if Massie was guilty, he was guilty only of
either robbery or kidnapping. Therefore, the trial court did not err in refusing to submit such lesser
charges to the jury. Since Massie did not request the lesser included instruction for any type of
assaultive offense, that issue has not been preserved and it has not been argued before this Court. 
The point of error is overruled.

Alternate Juror 

 Massie also contends the trial court erred by releasing a sleeping juror from service and
replacing her with an alternate. At the time, there was no objection to the court's procedure and no
discussion with the court indicating that counsel did not approve of this procedure being followed. 
When asked if Massie had any objection to excusing the juror and substituting the alternate, counsel
for Massie and Massie personally each stated there was no objection. In the absence of any
objection, the complaint is not preserved for our review. See Tex. R. App. P. 33.1. (6)

 We affirm the judgment of the trial court. 



 Jack Carter

 Justice


Date Submitted: January 30, 2007

Date Decided: April 11, 2007


Do Not Publish

1. The record indicates Petrea was struck or stabbed over sixty-five times with a sharp-edged
implement.
2. "Kiki" is the name used to identify Ricardo Cortez.
3. "B. J." is the name used to identify Terry Landry.
4. Tex. Penal Code Ann. § 31.03 (Vernon Supp. 2006).
5. Definitions of "jump" include "to make a sudden physical or verbal attack," Merriam-Webster's Collegiate Dictionary 678 (11th ed. 2006), and "to attack or pounce upon without
warning, as from ambush," http://dictionary.reference.com/browse/jump.
6. We have previously suggested an amendment to the statutes to allow the substitution of a
duly qualified alternate juror for a juror who has developed a legitimate reason to be excused after
the jury has been impaneled. See Sneed v. State, 209 S.W.3d 782, 787 (Tex. App.--Texarkana 2006,
pet. filed).